23 C. C. P. A. (Patents)

## In re BRANDENBURG.
### Patent Appeal No. 3525.

Court of Customs and Patent Appeals.
Nov. 25, 1935.

Francis H. Fassett, of New York City (Wm. Bohleber, of New York City, of counsel), for appellant.

R. F. Whitchead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Appellant brings before us for review a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner rejecting appellant's application, serial No. 541,321, for a patent on shovels.

The application contains only two claims. These are numbered, respectively, 5 and 6. They read:

"5. A shovel blade, each side edge of which curves toward the longitudinal meridian line to a point near the end of the blade, whence, by reverse curves, said edges continue to the end of the blade, thereby forming a share, said share being wider than it is long.

"6. A shovel blade, each side edge of which curves toward the longitudinal meridian line to a point near the end of the blade, whence, by reverse curves, said edges continue to the end of the blade, thereby forming a share, said share being the same thickness as the blade and wider than it is long."

It appears that the foregoing claims were not in the application as originally filed, but were added by amendment during the prosecution of the case in the Patent Office.

The decisions of the tribunals of the Patent Office, while differing as to description of some details of the single reference cited, nevertheless concurred in holding appellant's shovel unpatentable in view of that reference which is a British patent entitled "Improvements in or relating to Shovels and the like" issued in 1921 to James Richard Armstrong-Kelly, No. 167,282.

Appellant has modified or altered the conventional "round-point" shovel of the type stated in the specification to be known in the trade as "plain back," used for excavating and for handling materials of various kinds, by providing an extension of the lower end of the blade, the extension itself being rounded and being narrower than that portion of the blade which is above it. It is this extension which appellant designates as a "share," his specification reciting that it is "so called because of its resemblance, in function at least, to a plow-share."

While the specification does not so state, we see no reason to question the correctness of the statement in appellant's brief that his shovel is made "from a single sheet of material." Also, we accept as correct (although the specification says nothing upon the subject) the statement in claim 6 to the effect that the share portion of the blade is of the same thickness as the other portion, and the statement in both claims that the share is wider than it is long. The drawings justify these deductions.

The specification states: "* * * This improvement has two principal objects: (a) it facilitates entrance of the shovel into the earth or other material, and (b) it lengthens the life of the shovel."

The reference patent discloses a shovel "with a prong or pointed projection at the point or centre of the bottom or shovelling edge." The specification states, in substance, that such prong may be constructed integral with the blade of the shovel, or constructed as a separate part and riveted, or otherwise suitably affixed, to the blade.

As to the purpose of the invention in the reference patent, its specification declares, in effect, that it is to increase the efficiency and the life of the shovel—the same objective sought by appellant.

From the foregoing general description of the respective devices, it is obvious that they are broadly similar in design, and that both parties sought to solve the same problems, or accomplish the same purposes. In other words, appellant's "share" corresponds, at least broadly, to the "prong" or "pointed projection" of the reference patent, and, so far as we can see, notwithstanding appellant's argument contra, substantially the same function is performed by both "share" and "prong."

If, therefore, patentability may be found in appellant's device, such patentability must be predicated upon the limitations found in the claims.

The brief of appellant alleges with emphasis that appellant's shovel is made "from a single sheet of material," but this allegation is not contained in either claim, nor is it stated in the specification. Furthermore, we think it not unreasonable to interpret the teaching of the patent to be that the shovel there patented may be made of a single piece. Indeed, claim 2 thereof refers to a shovel having "the projection * * * fashioned in one piece with the blade of the shovel."

The only limitations, found in the claims, which are seriously urged as justifying a finding of patentability relate to the matter of dimension. Both claims recite that appellant's share is "wider than it is long," and claim 6, in addition,

746

states that the share is of the "same thickness as the blade."

Appellant's brief points out that upon the matter of width and length there is a discrepancy between the finding of the Examiner and the finding of the board. The Examiner, referring to Figs. 1 and 2 of the patent drawings, found the "prong" of the patent to be "longer than it is wide," while the board referred to it as being "approximately as wide as it is long, being possibly very slightly wider than long, the same as applicant's prong." Elsewhere the board refers to the prong of the patent as being "spoon-shaped."

Seemingly, because of this discrepancy and some other differences in expression of the respective tribunals of the Patent Office, the brief for appellant argues that the British patent should not, "either in law or equity, be regarded as a proper reference."

So far as it is sought to apply this argument to a proceeding in the Patent Office relative to securing a patent, we do not agree with the contention.

For information with respect to the width and length of appellant's "share," we have to rely solely upon his drawings. The same is true with respect to the "prong" of the reference patent. Claim 3 of the latter refers to the "prong" as being of "spear-head shape," but the specification has nothing to say as to width or length.

When we turn to the drawings of the patent, it is observed that the patentee gave several different forms. His Fig. 1, for example, shows a "prong" which, in outline, is oval in shape and is longer than it is wide, while the "prong" portion of the drawing in Fig. 11 is apparently wider than it is long. Other figures show other modifications as to these particular dimensions.

We do not, in fact, regard the feature of relative width and length of appellant's shovel as being critical upon the question of patentability, but, even if it were, we fail to find wherein appellant has with any definiteness distinguished in this regard.

There remains to be considered the feature of "thickness."

The specification of the patent definitely teaches that "The blade where the prong merges into it is reinforced or strengthened by increasing its thickness to a suitable extent." Appellant's specification teaches nothing as to this, but, as has been stated, for the purposes of the case, we accept the teaching of the drawings as being sufficient to support the limitation, expressed in claim 6 in the words, "said share being the same thickness as the blade."

The question is, therefore, whether any invention resides in making the shovel and its extension or share uniform in thickness.

We find ourselves in entire agreement with the tribunals of the Patent Office in their holding to the effect that this conception did not require the exercise of inventive genius. When the nature of the device is considered, this feature seems to us inconsequential so far as patentability is concerned.

The decision of the Board of Appeals is affirmed.

Affirmed.